[S. F. No. 997.    Department One.—March 4, 1899.]

E. J. TOZER, Respondent, v. MELLIE M. GEORGE et al., Appellants.

Vendor and Purchaser—Contract of Sale—Installments—Option of Purchaser—Forclosure—Insufficient Complaint.—Where, by the terms of a contract for the sale of land, the purchase money was payable in installments of twenty dollars per month, and the purchaser had the option to pay more than the stipulated installment at any time, a complaint in an action by the vendor to foreclose the rights of the purchaser, which merely avers that nothing had been paid since a specified date more than three years after the date of the contract, without stating the amount paid, or the amount unpaid, is not sufficient to show a breach of the contract, or to show that defendant was in default at the commencement of the action.

Id.—Construction of Complaint—Excessive Judgment.—The complaint must be construed as admitting that the contract of sale had been performed prior to the date since which it was alleged that no payments were made, and a judgment in excess of the amount of installments accruing after that date cannot be sustained.

APPEAL from a judgment of the Superior Court of Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

J. H. Lucas, for Appellants.

George E. De Golia, for Respondent.

HARRISON, J.—The plaintiff and the defendants entered into an agreement July 19, 1892, by which the plaintiff agreed to sell and convey to the defendants a certain parcel of land for the sum of fifteen hundred dollars, and in consideration thereof the defendants agreed to pay said sum of money to the plaintiff "at the time and in the manner hereinafter mentioned, to wit, one hundred and seventy dollars upon execution hereof, the receipt whereof is hereby acknowledged, and the balance of thirteen hundred and thirty dollars payable as follows, to wit: twenty dollars on the first day of each and every month thereafter until said principal sum of fifteen hundred dollars has been fully paid in accordance herewith.   The privilege is reserved to second party

to pay more than said stipulated payment of twenty dollars at any time during the continuance of this contract." The present action is brought for the purpose of having the court determine the amount unpaid upon the agreement, and fix a time within which said amount shall be paid, failing in which the defendant shall be foreclosed of all interest and right in the land. It is alleged in the complaint that "defendants have not paid any money under said contract, or in accordance with the terms and conditions thereof, since November 2, 1895." No other breach of the agreement than in the payment of the purchase price of the land is charged by the plaintiff. The defendants demurred to the complaint for want of facts to constitute a cause of action, and also for ambiguity, in that "it does not show the amount actually paid on the contract therein set out by said defendants, or the amount due and unpaid, or that the said defendants are in default in the payment of any of the installments provided for in said contract." Their demurrer was overruled, and the cause was heard by the court as upon their default, and judgment rendered determining that the balance due under said contract, April 1, 1896, is the sum of three hundred and forty dollars, and that there will be twenty dollars further due on the first of each month thereafter, and giving to the defendants six months after the entry thereof in which to pay the amount found to be due, failing in which, and in the further payment of twenty dollars on the first of each month thereafter, their rights in the premises should be foreclosed.

The court should have sustained the demurrer to the complaint. The only breach therein alleged of the defendants' agreement is that they had not paid any money in accordance with the terms of the contract since November 2, 1895. The complaint does not, however, allege the amount of money that had been paid prior to that date, nor does it contain any allegation from which it can be determined whether at the date of commencing the action the defendants were in default. While the agreement provided for payments of twenty dollars each on the first of each month, it also provided that the defendants might at any time pay more than this sum, and the plaintiff should have averred the amount that had been paid, so that the court might determine upon the face of the complaint whether the defendants were in default.

The plaintiff does not seek by this action to have it declared that the contract is at an end, or that his obligation thereunder has terminated, but by asking the court to determine the amount unpaid thereon, and to fix a time within which the defendants shall pay the same, he treats the contract as still existing and obligatory on him. Treating the action as one to foreclose the rights of the defendants in the land, the plaintiff should have alleged the precise amount of the purchase money unpaid at the date of commencing the action. The defendants were entitled to know the amount of this claim for the purpose of determining whether they would suffer a default and an entry of the judgment as prayed for, or, by contesting the amount claimed, would protect their rights against a judgment for more than was actually due.

The insufficiency of the complaint as against the demurrer is emphasized by a consideration of the judgment which was entered thereon. It does not appear from the record at what date the complaint was filed, but it is recited in the judgment that the demurrer was overruled on the 16th of March, 1896, and the court finds that the balance due from the defendants under the contract on the 1st of April, 1896, was three hundred and forty dollars. The complaint must be construed as admitting that all the terms of the contract to be performed on the part of the defendants prior to November 2, 1895, had been performed, and if so, only four installments of twenty dollars each could have accrued between the 2d of November, 1895, and the commencement of the action. The judgment of the court that three hundred and forty dollars was due at the time of the entry of judgment is largely in excess of the claim made by the plaintiff, and cannot be sustained. The contract is also treated by the judgment herein as still existing, since after determining the amount already due it declares that on the first of each and every month thereafter there will be due the further sum of twenty dollars, and makes provision for the payment thereof by the defendants. Assuming that only four installments of twenty dollars each were due at the commencement of the action, the judgment directing the payment of three hundred and forty dollars within six months after its entry would change the obligation of the defendants under the contract, since the installments which had

then accrued, together with those which would accrue during the six months after the entry of the judgment, would amount to only two hundred and twenty dollars.

The judgment is reversed.

Garoutte, J., and Van Dyke, J., concurred.